UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Max Reed,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Amelia L. Bizzaro, *et al.*,<br><br>　　　　　Defendant(s). | 2:24-cv-01186-APG-MDC<br><br>**REPORT AND RECOMMENDATION DISMISSING COMPLAINT AND DENYING IFP AS MOOT** |

Pending before the Court are pro se plaintiff Max Reed's *Motion/Application For Leave To Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, the Court RECOMMENDS DISMISSING plaintiff's Complaint and DENYING his IFP application as MOOT.

**DISCUSSION**

**I.    COMPLAINT**

Plaintiff, an incarcerated individual who is proceeding *pro se*, brings a § 1983 suit against Amelia L. Bizzaro and Rene[1] L. Valladares, federal public defenders. ECF No. 1-1 at 2. Plaintiff alleges that defendants Bizzaro and Valladares, "violated [his] First Amendment Rights (access to the courts) by 'delaying,' 'frustrating,' 'hampering,' [and] 'impeding' plaintiff's efforts to put the facts before the Court." *Id.* Plaintiff also alleges that "[d]efendants [] violated plaintiff's Due Process rights by denying him a fair trial in federal court, delaying filing his case, while working on other's cases after Covid-19 restrictions lifted." *Id.* Plaintiff seeks "compensatory damages, punitive damages, declaratory judgment, and injunctive relief." ECF No. 1-1 at 22.

**a.   LEGAL STANDARD**

Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that - (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii)

---

[1] Plaintiff initially uses "Renee L. Valladares," however, he later switches to "Rene L. Valladares."

fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### b. ANALYSIS

#### i. Public Defenders Generally Do Not Act Under Color of State Law

Plaintiff alleges that it was his federal public defenders' actions, namely their failure and/or refusal to act, that led to his conviction. *See generally* ECF No. 1-1. Plaintiff fails to state a claim under § 1983 because plaintiff does not allege that defendants acted under "color of state law," which means the defendants acted with, or held themselves out to be acting with, government authority. Acting under the color of state law is one of the essential elements for a § 1983 claim. Specifically, the four elements that a plaintiff must allege to state a claim for relief under § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Some courts

require simpler pleading that provides that "(1) the defendants actin[ted]under color of state law [and] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). The Supreme Court has concluded that public defenders do not act under the color of state law because their conduct as legal advocates are controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 92; *see also Polk Cnty.*, 454 U.S. at 321. Plaintiff's alleged claims against defendants Bizzaro and Valladares are based on their roles as legal advocates (*e.g.,* failure to raise certain legal issues; defendant Valladares' alleged failure to properly supervise defendant Bizzaro; failure to investigate certain grounds raised by plaintiff and the state; failure to obtain evidence; and failure or delay in filing plaintiff's *habeas* petition(s)). *See generally* ECF No. 1-1. Thus, plaintiff's complaint can be generalized into ineffective counsel claims and *respondeat superior* claims, which are no acts under color of state law.

To establish that a public defender acted under color of state law, the lawyer must have performed non-legal administrative or investigative functions. *See Brillon*, 556 U.S. at 91 n.7; *see also Polk Cnty.*, 454 U.S. at 324–25. Thus, for plaintiff to bring a § 1983 claim against Bizzaro and Valladares, he must clearly state how defendants acted under color of state law (*e.g.,* acted with governmental authority beyond merely being appointed as plaintiff's lawyers by the state court) and describe the administrative or investigative functions that Bizzaro and Valladares allegedly performed.

1. **Section 1983 Claims Are Not The Proper Avenue To Bring Ineffective Counsel Claims.**

To the extent plaintiff is asserting ineffective counsel claims against Bizzaro and/or Valladares, plaintiff is warned that a § 1983 suit is not the proper avenue to assert claims against defendants Bizzaro or Valladares for ineffective counsel. *See Berry v. State of Nev.*, 2022 U.S. Dist. LEXIS 168574, *4-5

(D. Nev. Sept. 19, 2022) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (finding that plaintiff may assert a Sixth Amendment ineffective counsel argument against his defense counsel in direct appeal, post-conviction, or habeas proceeding but not in a § 1983 proceeding)). Plaintiff has two[2] *habeas* petitions currently pending within this District. In one[3] of the petitions, defendant Bizzaro is listed as counsel of record for plaintiff. Therefore, plaintiff's ineffective counsel claim is barred as a matter of law. *Id.* Out of abundance of caution, plaintiff is also cautioned that his § 1983 suit is not the proper avenue to bring any malpractice claims against defendants. A malpractice claim is a common law claim. An action under § 1983 is not the proper avenue for common law claims, like a malpractice claim. *See Villalobos v. Milone*, 2014 U.S. Dist. LEXIS 181358, *3 (D. Nev. Nov. 5, 2014) ("[S]tate courts generally adjudicate claims for attorney malpractice, and this Court does not have subject matter jurisdiction over the claim."). Although supplemental jurisdiction may allow for plaintiff to bring a state law claim, plaintiff cannot bring his state law claim of attorney malpractice under § 1983 because his federal claims fail. See 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Therefore, it is recommended that his ineffective and/or malpractice claims be dismissed.

### 2. There Is No Respondeat Superior Under Section 1983.

Plaintiff seeks to hold defendant Valladares liable for failing to properly supervise defendant Bizzaro. *See generally* ECF No. 1-1. Plaintiff seems to be alleging some form of *respondeat superior* against Valladares and Bizzaro. There is no *respondeat superior* liability under section 1983. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). "A supervisor cannot be held personally liable under § 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation." *Ybarra*, 723 F.2d at 680 (citing *May v. Enomoto*,

---

[2] *Reed v. Gentry et al* | 2:17-cv-00648-RFB-NJK; and *Reed v. State of Nevada et al* | 2:22-cv-01763-APG-EJY. Both *habeas* proceedings
[3] *Reed v. Gentry et al* | 2:17-cv-00648-RFB-NJK

633 F.2d 164, 167 (9th Cir. 1980)). Plaintiff fails to allege that Valladares directed or participated in the constitutional violations. Therefore, it is recommended that plaintiff's claims against Valladares for failing to supervise Bizzaro be dismissed.

### ii. Plaintiff Is Barred From Bringing Suit Under The *Heck* Doctrine.

As stated above, plaintiff cannot sue his public defenders under § 1983. Plaintiff's claims are also barred under the *Heck* doctrine because he currently has two pending *habeas corpus* cases challenging his conviction or sentence. If a § 1983 case seeks damages from alleged constitutional violations arising from, directly or indirectly, the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by *habeas* petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487). Claims or challenges to the validity or duration of confinement are matters of *habeas corpus* relief per 28 U.S.C. § 2254, and not Section 1983. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Here, plaintiff's alleged §1983 claims raise the invalidity of plaintiff's conviction or sentence. Plaintiff's complaint attacks his underlying trial and claims that defendants' alleged shortcoming resulted in his conviction and sentence. *See e.g.,* ECF No. 1-1 at 6. Plaintiff's conviction or sentence, however, has not been separately invalidated. On the contrary, plaintiff currently has pending two *habeas corpus* cases attacking his underlying conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Thus, even if plaintiff could somehow allege that defendants Bizzaro and Valladares acted under color of state law because the alleged injurious conduct was administrative function, his

claims would be barred as a matter of law pursuant to *Heck*. Therefore, it is recommended that plaintiff's complaint be dismissed with prejudice.

## II.   IFP APPLICATION

Because amendment would be futile, the Court recommends denying plaintiff's IFP application (ECF No. 1) as moot.

## III.   CONCLUSION

Plaintiff attempts to bring a § 1983 suit against his public defenders while he has two *habeas* petitions pending and his underlying conviction or sentence has not been invalidated. Plaintiff's suit is barred as a matter of law; therefore, it is recommended that the case be dismissed in its entirety.

DATED this 9th day of July 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.