UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED,<br><br>    Plaintiff<br><br>v.<br><br>AMELIA L. BIZZARO and RENEE L. VALLADARES,<br><br>    Defendants | Case No.: 2:24-cv-01186-APG-MDC<br><br>**Order Accepting Report and Recommendation, Dismissing Complaint, and Granting Leave to Amend**<br><br>[ECF No. 3] |

Magistrate Judge Couvillier recommends I dismiss plaintiff Max Reed's complaint for several reasons. ECF No. 3.  Reed objects to that recommendation. ECF No. 6.

I have conducted a de novo review of the issues in Judge Couvillier's Report and Recommendation under Local Rule IB 3-2.  Judge Couvillier is correct that the defendants were not acting under color of state law. ECF No. 3 at 2-3.  They are federal government employees working on Reed's behalf in federal litigation.  Thus, they are not acting under color of state law. *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (holding "assigned counsel ordinarily is not considered a state actor").  Reed therefore cannot assert a § 1983 claim against them. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (elements of a § 1983 claim are "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law").

Reed does not object to Judge Couvillier's holding that defendant Renee Valladares cannot be liable for supervising defendant Amelia Bizzaro because respondeat superior does not apply in § 1983 claims. ECF No. 3 at 4-5, citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680 (9th Cir. 1984) ("A supervisor cannot be held personally liable under § 1983

for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation."). Thus, I am not required to conduct a de novo review of that issue. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (emphasis omitted).

Finally, Reed objects to dismissal of his complaint without leave to amend. ECF No. 6 at 2. He wants permission to allege a *Bivens* action. Reed's complaint, even supplemented by the allegations in his objection, do not appear to make out a *Bivens* claim against Bizzaro and Valladares. I have not conducted the specific analysis to make that determination at this stage, and I am not convinced that amendment would be futile. Therefore, I will allow Reed to file a proposed amended complaint. Once that is filed, Judge Couvillier will screen it and address Reed's in forma pauperis application.

I THEREFORE ORDER that the Report and Recommendation (ECF No. 3) is accepted, and Reed's proposed complaint (ECF No. 1-1) is dismissed. Reed may file a proposed amended complaint curing the defects outlined above and in Judge Couvillier's Report, if he can do so, by **October 11, 2024**.

DATED this 18th day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE