UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Max Reed,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Amelia L. Bizzaro, *et al*.,<br><br>　　　　　Defendant(s). | 2:24-cv-01186-APG-MDC<br><br>**REPORT AND RECOMMENDATION** |

Pending before me is *pro se* plaintiff Max Reed's First Amended Complaint (ECF No. 10) and Motions/Applications to Proceed In Forma Pauperis ("IFP") (ECF Nos. 1, 11). For the reasons stated below, I RECOMMEND dismissing plaintiff's Amended Complaint without leave to amend and denying his IFP applications as moot.

**DISCUSSION**

**I. BACKGROUND**

Plaintiff filed an IFP application (ECF No. 1) and his original complaint (ECF No. 1-1) on June 28, 2024. On July 9, 2024, I issued a Report and Recommendation, recommending that his complaint be dismissed in its entirety for failing to state a claim upon which relief can be granted. I also recommended that his IFP application be denied as moot. ECF No. 3. Plaintiff objected to the Report and Recommendation and also requested permission to allege a *Bivens* action. ECF No 6. The District Judge adopted the Report and Recommendation but allowed plaintiff to file an amended complaint and refile his claims under *Bivens* (ECF No. 7). Now before me is plaintiff's second IFP application (ECF No. 11) and First Amended Complaint (ECF No. 10).

**II. COMPLAINT**

　**A. Legal Standard**

When a plaintiff seeks to proceed IFP, the court must screen the initial complaint, or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). "The

court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

//

//

B. Analysis

Plaintiff's Amended Complaint (ECF No. 10) is near identical to his original Complaint (ECF No. 1-1). There are only three real differences between plaintiff's Amended Complaint and his original Complaint. First, plaintiff brings this action under *Bivens* rather than a § 1983. Second, plaintiff includes the United States and the Federal Public Defender's Office as defendants. Third, plaintiff added two pages to his Amended Complaint to include [1] a statement that the court has jurisdiction under 28 U.S.C. § 1331, [2] a request for declaratory judgment that plaintiff's rights have been violated, [3] a request for injunctive relief to release evidence "necessary to support the claims in this action," and [4] a statement that the United States is being added as a defendant.

Aside from such new statements and the recasting of his claims under *Bivies,* plaintiff's Amended Complaint is substantively identical to his original complaint. Indeed, after taking into consideration the additional two pages, the rest of plaintiff's Amended Complaint is line-for-line identical to his original Complaint.

    a.  *Bivens* versus § 1983

There are generally two methods to bring actions to vindicate federal rights. One is pursuant to 42 U.S.C. § 1983 and the second is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390, 91 S. Ct. 1999, 2001 (1971). Plaintiff originally filed his action under § 1983. However, I found, and the District Judge agreed that plaintiff failed to state a plausible claim under § 1983. Plaintiff now brings his claims under *Bivens*.

Actions under § 1983 and *Bivens* are substantively identical, but § 1983 applies when defendants are state actors whereas *Bivens* applies when the defendants are federal actors. *See Graham v. Connor*, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989)("§1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred)(internal quotations omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)("Actions under § 1983 and those under *Bivens* are

identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). Thus, to state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

"*Bivens* [], established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478, 486, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). "In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations." *Ziglar v. Abbasi*, 582 U.S. 120, 131, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).

> Over fifty years ago, the Supreme Court in *Bivens* recognized an implied cause of action under the Fourth Amendment, permitting the plaintiff to seek damages against agents from the Federal Bureau of Narcotics for an allegedly unreasonable search and seizure at the plaintiff's home. Within a decade, the Supreme Court recognized an implied damages cause of action under *Bivens* on two other occasions. In *Davis v. Passman*, 422 U.S. 228, 230-31 (1979), the Court provided a *Bivens* remedy for a Fifth Amendment sex-discrimination claim against a sitting member of Congress. And in *Carlson v. Green*, 446 U.S. 14, 16-18 (1980), the Court recognized a *Bivens* remedy for a prisoner's Eighth Amendment claim arising from prison officials' failure to provide proper medical attention. In the four decades since *Carlson*, however, the Supreme Court has taken a significantly more restrained approach to *Bivens* claims[.]

*Sheikh v. U.S. Dep't of Homeland Sec.*, 106 F.4th 918, 924 (9th Cir. 2024).

"These three cases—*Bivens, Davis, and Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. at 131. "Apart from those cases, however, the Supreme Court has repeatedly and expressly confined Bivens claims, holding that an extension of implied causes of action is recognized today as a disfavored judicial activity." *Marquez v. Rodriguez*, 81 F.4th 1027, 1029 (9th Cir. 2023) (internal citations and quotations omitted).

It appears that plaintiff's claims arise from defendant Bizzaro and Valladares's representation during his habeas proceedings. Plaintiff alleged claims against defendants Bizzaro and Valladares are

based on their roles as legal advocates (*e.g.*, failure to raise certain legal issues; defendant Valladares's alleged failure to properly supervise defendant Bizzaro; failure to investigate certain grounds raised by plaintiff and the state; failure to obtain evidence; and failure or delay in filing plaintiff's habeas petitions). *See generally* ECF No. 10. Plaintiff raises his claims as violations of "First Amendment (Right of Access to Court)" and "Fourteenth Amendment (Right to a Fair Trial) Due Process."

### b. *Bivens*: First and Fourteenth/Fifth Amendment

Plaintiff cannot bring his First Amendment access to court claims. "First, the Supreme Court has never recognized a Bivens claim under the First Amendment." *Schwarz v. Meinberg,* 761 Fed. Appx. 732, 734 (9th Cir. 2019) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012)). "Second, [the Ninth Circuit] recently held that both a First Amendment access to courts and a Fifth Amendment procedural due process claims presented new *Bivens* contexts" that are beyond one of the three previous *Bivens* claims recognized by the Supreme Court. *Id* (citing *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018)). Although the plaintiff brings his claims as a Fourteenth Amendment Due Process violations, which applies to actions by state government actors, I construe his claims as a Fifth Amendment Due Process violation, which applies to federal government actors. *See Erickson* 551 U.S. 89 at 94 ("A document filed *pro se* is 'to be liberally construed[.]'"); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (explaining that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff's Fifth Amendment Due Process violations present new *Bivens* contexts which the Supreme Court has not recognized. Therefore, plaintiff's claims are barred as a matter of law. Accordingly, I recommend dismissing his claims without leave to amend.

//

//

//

### c. *Bivens* and Public Defenders

#### i. Public Defenders And Color Of Federal Law

Plaintiff's claims are also barred because he failed to show that defendants Bizzaro and Valladares acted under color of law. Regardless of whether plaintiff sues his federal public defenders under § 1983 or *Bivens*, the results are still the same. The Supreme Court has recognized that public defenders are not acting under color of law when they act in their traditional role as advocate. *See, e.g., Georgia v. McCollum*, 505 U.S. 42, 53, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of *Bivens* action).

As previously noted here and in my Report and Recommendation (ECF No. 3), plaintiff alleged claims against defendants Bizzaro and Valladares are based on their roles as legal advocates (*e.g.*, failure to raise certain legal issues; defendant Valladares' alleged failure to properly supervise defendant Bizzaro; failure to investigate certain grounds raised by plaintiff and the state; failure to obtain evidence; and failure or delay in filing plaintiff's habeas petition(s)). *See generally* ECF No. 10. In other words, Plaintiff's claims against Bizzaro and Valladares are based on their roles and responsibilities as his federal public defenders. As a matter of law, neither Bizzaro, Valladares, nor the Federal Public Defender's Office could have acted under color of federal law. *Polk Cnty. v. Dodson*, 454 U.S. at 320-25. Thus, plaintiff's *Bivens* claims against such defendants fail and cannot be cured through further amendment. Accordingly, I recommend dismissing his claims without leave to amend.

#### ii. Ineffective Assistance Counsel Or Malpractice Claims

To the extent that plaintiff alleges ineffective assistance of counsel claims under the Sixth Amendment, those claims fail as a matter of law. Because plaintiff's claims seemingly involve representation he received during his habeas proceeding, and there is no constitutional right to counsel

during collateral proceedings, his ineffective assistance of counsel claim fails. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987) (stating that the "constitutional right to counsel . . . extends to the first appeal of right, and no further"). Moreover, to the extent that plaintiff's claims sound in malpractice, those claims should be raised in state court. A malpractice claim is a common law claim. *See Villalobos v. Milone*, 2014 U.S. Dist. LEXIS 181358, *3 (D. Nev. Nov. 5, 2014) ("[S]tate courts generally adjudicate claims for attorney malpractice, and this Court does not have subject matter jurisdiction over the claim."). And as explained in my Report and Recommendation (ECF No. 3), although supplemental jurisdiction may allow for plaintiff to bring a state law claim, plaintiff cannot bring his state law claim of attorney malpractice under *Bivens* because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, I recommend dismissing his claims without leave to amend.

   c. ***Respondeat Superior***

Plaintiff again attempts to bring a theory of *respondeat superior*. However, just as in § 1983 cases, *Bivens* also does not recognize vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff did not plead such facts. Accordingly, I recommend dismissing his claims without leave to amend.

   d. **United States as a Defendant**

Plaintiff added the United States as a defendant in his Amended Complaint. *See* ECF No. 10 at 1-2. However, the United States enjoys sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."); *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994) ("Absent a waiver, sovereign immunity shields the Federal

Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212, 77 L. Ed. 2d 580, 103 S. Ct. 2961 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). There is nothing on the docket or plaintiff's Amended Complaint that shows the United States has waived immunity. Thus, plaintiff's *Bivens* action cannot not lie against the United States, agencies of the United States, or federal agents in their official capacity. Accordingly, I recommend dismissing his claims without leave to amend.

**III. IFP APPLICATION**

I previously recommended that plaintiff's IFP application (ECF No. 1) be denied as moot. Plaintiff has filed a new IFP application along with his Amended Complaint. Because I recommend that plaintiff's complaint be dismissed in its entirety without leave to amend, I also recommend that plaintiff's IFP application be denied as moot.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

Plaintiff has failed to amend his complaint to allege his claims under *Bivens*. Plaintiff has essentially refiled his original complaint, and only added two pages, which did not affect my analysis of his claims. Because plaintiff failed to state a claim upon which relief can be granted, and because his claims are barred as a matter of law, I recommend dismissing his Amended Complaint (ECF No. 10) without leave to amend. I also recommend denying his pending IFP application (ECF Nos. 1, 11) as moot.

ACCORDINGLY,

**IT IS RECOMMENDED that:**

1. The Amended Complaint (ECF No. 10) is DISMISSED in its entirety and WITHOUT LEAVE TO AMEND.

2. The IFP applications at ECF No. 1 and ECF No. 11 are DENIED AS MOOT.

DATED this 16th day of December 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.